**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Hernandez McDonald, | No. CV-24-00090-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Safety Holdings Inc., | |
| Defendant. | |

Plaintiff Robert Hernandez McDonald asserts claims for violation of Section 1681e(b) of the Fair Credit Reporting Act ("FCRA") against Defendant Safety Holdings. Doc. 1. Plaintiff moves for leave to amend his complaint. Doc. 21. In response (Doc. 25), Defendant cites several exhibits which it asks the Court to seal (Doc. 23). For reasons stated below, the Court will seal the documents and grant the motion to amend.

**I.   Plaintiff's Motion to Amend.**

   **A.   Good Cause under Rule 16.**

The Court's Case Management Order set a 60-day deadline for amending pleadings. Doc. 19 ¶ 2. The order was entered April 10, 2024, creating an amendment deadline of June 10, 2024. *See id.* at 5. Plaintiff filed his motion to amend on October 23, 2024, more than four months after the amendment deadline. *See* Doc. 21 at 10.

Deadlines established in a case management order may "be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth*

*Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment. Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). If the moving party establishes good cause, the court will then assess the proposed amendment under the more liberal Rule 15 standard. *See* Fed. R. Civ. P. 15(a)(2); *Johnson*, 975 F.2d at 608 (citation omitted).

Plaintiff's original complaint alleges that Defendant is liable under the FCRA because it incorrectly reported the status of Plaintiff's non-commercial driver's license, costing Plaintiff his job. Plaintiff seeks to amend the complaint to allege that Defendant incorrectly reported the number of traffic violations on his record, costing him his job. Plaintiff claims that he could not have known of the need to amend prior to the June 10, 2024 deadline for amendments in this case. Doc. 21 at 4. He asserts that information learned from another case in late July 2024, discovery received from the Arizona Motor Vehicle Department ("MVD") in this case in August 2024, and discovery received from Lyft in the similar case on October 18, 2024 "cemented the need for amendment" here. Plaintiff moved to amend on October 23, 2024. *Id.* at 4-5. Defendant argues that Plaintiff had documents in his possession before the original complaint was filed that reveal the theory of the case Plaintiff now seeks to pursue, including copies of the Motor Vehicle Report ("MVR") Defendant provided to Lyft and Uber and a copy of Plaintiff's official MVD driving record. Doc. 25 at 5.

After reviewing the documents identified by Defendant, it is not clear to the Court that Plaintiff could have understood how to read and compare the documents without the additional information received after the June 10, 2024 amendment deadline. Plaintiff first learned in late July, from a similar case, that Lyft terminated another employee based on the number of traffic violations shown in a report Lyft received from Defendant, rather than terminating the employee because of the status of the employee's non-commercial

driver's license as shown in Defendant's report. *Id.* at 4. Since then, Plaintiff's counsel has remained in contact with the attorney in the other case to see if amendment might be warranted in this case. *Id.* Plaintiff also served a subpoena on the MVD soon after learning this information. *Id.* at 6. On August 20 and 27, 2024 respectively, the MVD produced documents and sat for a deposition in this case, through which Plaintiff was able to confirm that his official MVD record contains a single violation despite Defendant's reports to Lyft and Uber appearing to show multiple violations. Doc. 28 at 6. On October 18, 2024, Lyft was deposed in the other case and provided further insight into the information rideshare companies receive from Defendant. *Id.* at 7. Plaintiffs filed this motion shortly thereafter. *See* Doc. 21. The Court finds that Plaintiff acted diligently in pursuing this information and has established good cause to extend the amendment deadline.

### B.   Liberal Amendment under Rule 15.

Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to amend, the Court "must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted). The policy in favor of leave to amend must not only be heeded, *Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with extreme liberality, *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001).

The Court may deny leave to amend only when the proposed amendment would be futile, there was undue delay or bad faith on the part of the moving party, or there is undue prejudice to the opposing party. *Foman*, 371 U.S. at 182. The opposing party bears the burden of showing prejudice or one of the other permissible reasons for denying leave to amend. *DCD Programs*, 833 F.2d at 187. Defendant argues prejudice, including that written discovery will need to be served and responded to again and both parties and nonparties will need to be re-deposed. *Id.* at 15. Defendant claims that fact discovery will need to be "substantially extended" to avoid this prejudice. *Id.*

The Court is not convinced that a substantial extension is necessary, but recognizes that there may need to be some additional discovery to avoid prejudice. If the parties conclude that additional time is necessary, they can request it in a stipulation or joint phone call to the Court. The Court concludes that the need for some additional discovery in this case does not outweigh the presumption in favor of amendment and the interest of resolving this case on its merits.

**II.     Defendant's Motion to Seal.**

Defendant moves for leave to file several documents under seal, including data transmissions by the MVD containing Plaintiff's driving record and license information, copies of reports prepared by Defendant regarding Plaintiff, and copies of the MVD's driving records regarding Plaintiff. Doc. 23 at 1; *see* Docs. 24-1 – 24-10 (lodged Exhibits A-D, F-J, and L). Because these documents contain sensitive and identifiable personal information, including Plaintiff's current and former addresses and birthdate, the court finds good cause to seal them. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1185 (9th Cir. 2006) (the "good cause" standard applies to documents sought to be filed under seal in non-dispositive motions).

**IT IS ORDERED:**

1. Plaintiff's motion for leave to amend (Doc. 21) is **granted**. Plaintiff shall file the amended complaint by **December 3, 2024.**

2. Defendant's motion for leave to file Docs. 24-1–24-10 under seal (Doc. 23) is **granted**. The Clerk shall file the lodged documents (Doc. 24) under seal.

Dated this 26th day of November, 2024.

David G. Campbell
Senior United States District Judge